## REID v. RAFFERTY, Collector of Internal Revenue.

(District Court, E. D. New York. March 3, 1925.)

Internal revenue ⊂═⊃7—When credit of excess profits tax on net income of partner improper stated.

The provision of Revenue Act 1917, tit. 12, § 1211 (Comp. St. § 6336yy), that the net income of an individual shall be credited "in case of a member of a partnership with his proportionate share of such excess profits tax imposed upon the partnership," does not entitle him to such credit, where the excess profits tax imposed on the partnership was deducted from its net income before its distribution between the partners.

At Law. Action by William C. Reid against John T. Rafferty, Collector of Internal Revenue. Judgment for defendant.

Macklin, Brown & Van Wyck, of New York City (Pierre M. Brown, of New York City, of counsel), for plaintiff.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y., and Nelson T. Hartson, Solicitor of Internal Revenue, of Washington, D. C. (Floyd F. Toomey, Sp. Atty., Internal Revenue, of Washington, D. C., of counsel), for defendant.

GARVIN, District Judge. This is an action brought by the plaintiff to recover from the defendant, as collector of internal revenue for the First district of New York, the sum of $5,331.23, which he paid to the defendant under protest, after a warrant of distraint had been issued, on account of the income tax assessed against plaintiff for the year 1917, with penalty and interest, which plaintiff contends was illegally assessed against him. No facts are in dispute. Defendant has moved for judgment dismissing the action, and plaintiff has moved for judgment in accordance with the prayer of the complaint.

During the year 1917 plaintiff was a member of two copartnerships, Leary & Reid and Leary & Co., respectively. Each of these copartnerships filed a partnership excess profits tax return for the year 1917, showing excess profits taxes computed on the net income of each, which each copart-

nership thereupon paid. Each copartnership also filed an income tax return, showing net income after paying said tax, which net income was distributed to the members of each firm. Thereafter plaintiff filed his individual income tax return for the year 1917, showing as items of income the respective distributive shares received from the said two copartnerships. From the income thus disclosed plaintiff deducted his proportional share of the excess profits taxes previously paid by the said two copartnerships from which he received income as aforesaid, claiming the right to do so under subsection 29 of section 1211 of title 12, Revenue Act of 1917 (Comp. St. § 6336yy), which reads as follows:

"That in assessing income tax the net income embraced in the return shall also be credited with the amount of any excess profits tax imposed by act of Congress and assessed for the same calendar or fiscal year upon the taxpayer, and, in the case of a member of a partnership, with his proportionate share of such excess profits tax imposed upon the partnership."

An analysis of this section shows that the credit is to be allowed in assessing the income tax to be paid by the individual. His income has already been credited with his proportionate share of the partnership excess profits tax, and by such act the amount of the partnership profits paid to him has been decreased to the extent represented by the amount of the partnership excess profits tax deducted from the total profits of the partnership and paid to the government.

There seems to be a distinction under the act with respect to the manner in which a partnership is treated. For the purpose of the excess profits tax it is considered as a separate taxable entity. For income tax purposes a partnership is not so treated. The partnership as such pays no income tax. That particular form of taxation is upon the distributive shares of the partners, and paid by them as individuals. The plaintiff had the full benefit of the credit referred to in subsection 29, supra, when the partnership income received a credit of the excess profits taxes.

It does not seem to the court that Congress intended to allow an individual a double credit, if his income was derived in part from a copartnership, while to another, whose income arose from his own business, only one credit was permitted. If Congress had intended such an extraordinary and what would seem, indeed, a most unreason-

able and unfair double credit, language would have been employed which could admit of no other meaning, such, for instance, as adding to the section, "notwithstanding the fact that credit therefor has already been allowed in the excess profits tax return of the copartnership."

If these conclusions are correct, the motion of the defendant must be granted, and judgment must be for the defendant.